IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MOJACK DISTRIBUTORS, LLC, | Case No. 4:13-cv-199 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| JADEIM, LLC, | |
| Defendant. | |

Plaintiff MoJack Distributors, LLC ("MoJack"), for its complaint against defendant Jadeim, LLC ("Jadeim"), states as follows:

## THE PARTIES

1. MoJack is a limited liability company organized and existing under the laws of the state of Kansas, with a principal place of business at 3535 North Rock Road, Suite 300, Wichita, Kansas 67226. All of the members of MoJack are residents of the State of Kansas.

2. Jadeim, LLC is a limited liability company organized and existing under the laws of the state of Iowa, with its principal place of business at 401 S. 2nd Avenue, Marshalltown, Iowa 50158-5021. According to the most recent filings with the Iowa Secretary of State, Jadeim, LLC may be served through its registered agent: Deann Jansen, 101 1st St. W, P.O. Box 223; Sully, Iowa, 50251-0223.

3. Jadeim, LLC conducts business under a division named Handy Industries.

## JURISDICTION

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 et seq., including §§ 271 and 281. This Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, Jadeim conducts business in this judicial district.

6. On information and belief, Jadeim offers product for sale in this judicial district.

7. On information and belief, Jadeim offers Lift Products for sale in this judicial district.

8. On information and belief, Jadeim sells products in this judicial district.

9. On information and belief, Jadeim sells Lift Products in this judicial district.

10. On information and belief, Jadeim imports products into this judicial district.

11. On information and belief, Jadeim imports Lift Products into this judicial district.

12. Jadeim is subject to this Court's general and specific personal jurisdiction because Jadeim is an Iowa limited liability company that does substantial business in this judicial district and that has committed tortious acts in this judicial district.

13. Jadeim is also subject to this Court's general jurisdiction as a result of regularly doing or soliciting business, engaging in persistent courses of conduct, and/or deriving substantial revenue from goods sold and provided to persons or entities residing in this judicial district.

## VENUE

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

15. MoJack manufactures and sells vehicle lifts ("MoJack Lifts") capable of elevating two wheels of a multi-wheeled vehicle thereby allowing maintenance to be performed on the vehicle.

16. The MoJack Lifts include features claimed in pending U.S. patent applications, as well as features claimed in the Patent-In-Suit ("MoJack Patents").

## THE PATENT-IN-SUIT

17. Plaintiff MoJack is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,251,349 (the "'349 patent"), titled "Apparatuses and Methods For An Improved Vehicle Jack," which was duly and legally issued by the United States Patent and Trademark Office in the name of Daniel Vernon Drake on August 28, 2012. A true and correct copy of the '349 patent is attached to this complaint as Exhibit A.

## JADEIM

18. Jadeim offers for sale and sells a product called the "Deck Hand" mower lift (the "Lift Product") through its Internet website located at http://www.handyindustries.com, and through dealers. An image of the "Deck Hand" mower lift is attached as Exhibit B.

19. Jadeim has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Lift Product.

20. Jadeim has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Lift Product, which infringes the '349 Patent.

21. On information and belief, within this judicial district, Jadeim has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell products including the Lift Product, without MoJack's permission.

## COUNT I

### Infringement of U.S. Patent No. 8,251,349

22. MoJack realleges and incorporates by reference the allegations set forth in paragraphs 1 - 21 above.

23. Jadeim has been, and currently is, directly and indirectly infringing the '349 patent by making, selling, offering for sale, contributing to the use, sale, and infringement by others, and/or inducing others to use and sell the Lift Product.

24. Jadeim's infringement of the '349 patent will continue unless enjoined by this Court.

25. As a direct and proximate consequence of Jadeim's infringement of the '349 patent, MoJack has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which MoJack is entitled to relief.

### PRAYER FOR RELIEF

WHEREFORE, MoJack requests this Court enter judgment against Jadeim, and grant MoJack the following relief:

A. Enter judgment that Jadeim has infringed the '349 patent;

B. Enter judgment that Jadeim has induced infringement of the '349 patent;

C. Enter judgment that Jadeim has contributed to infringement of the '349 Patent;

D. Enter a permanent injunction restraining and enjoining Jadeim, and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Jadeim who receive actual notice of the order by personal service or otherwise, from any further making, offering for sale, or selling the Lift Products that infringe the '349 patent, whether direct or indirect;

E.   An award of a reasonable royalty under 35 U.S.C. § 154 adequate to compensate MoJack for Jadeim's infringement of MoJack's provisional rights in the '349 patent;

F.   An award of damages under 35 U.S.C. § 284 adequate to compensate MoJack for Jadeim's infringement of the '349 patent, in an amount not less than a reasonable royalty, together with interest and costs;

G.   An award to MoJack of treble damages pursuant to 35 U.S.C. § 284;

H.   A finding that this case is exceptional under 35 U.S.C. § 285;

I.   An award to MoJack of its reasonable attorney fees under 35 U.S.C. § 285; and

J.   Such other further relief as this Court or a jury may deem just, proper, and equitable.

## DEMAND FOR JURY TRIAL

MoJack respectfully demands a trial by jury on all claims and issues so triable.

BELIN McCORMICK, P.C.

By _____
David W. Nelmark, *Lead Counsel*
Stephen H. Locher

666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 283-4671
Facsimile:  (515) 558-0671
E-mail:   dwnelmark@belinmccormick.com
            shlocher@belinmccormick.com

- 6 -

*Of Counsel – Pro Hac Vice Motion Forthcoming:*

SPENCER FANE BRITT & BROWNE LLP

Kyle L. Elliott
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: kelliott@spencerfane.com

ATTORNEYS FOR PLAINTIFF MOJACK
DISTRIBUTORS, LLC

(01567276-3)